MANDAVIA EPHRAIM & BURG LLP
Anjani Mandavia (SBN 94092)
  amandavia@mandaviallp.com
David L. Burg (SBN 130403)
  dburg@mandaviallp.com
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9694
Fax:        (310) 492-9868

Attorneys for Defendant WARNER
BROS. ENTERTAINMENT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DUTHIE, an individual residing in Montana,<br><br>                              Plaintiff,<br><br>       v.<br><br>RIN, INC., a California corporation; JEFF MILLER, an individual in California; ALEXANDER "SASHA" JENSON, an individual in California; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and DOES 1-10.<br><br>                              Defendants. | Case No.: 2:20-cv-10182-AB-PLA<br><br>District Judge:  Hon. André Birotte Jr.<br><br>**DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. PROC. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF ANJANI MANDAVIA RE L.R. 7-3 AND EXHIBIT THERETO**<br><br>Date:   June 11, 2021<br>Time:  10:00 AM<br>Place:  Courtroom 7B |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 11, 2021, at 10:00 AM, or as soon thereafter as counsel may be heard in the Courtroom of the Honorable André Birotte Jr., United States District Judge, Central District of California, located at 350 W. First Street, Los Angeles, CA 90012, defendant Warner Bros Entertainment Inc. ("Warner"), by and through its attorneys of record will, and hereby does, move pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), to dismiss the Complaint of Plaintiff Scott Duthie ("Plaintiff") (the "Motion").

This Motion is made on the ground that Plaintiff has failed to allege the necessary elements for subject matter jurisdiction, and the Complaint should be dismissed under Fed. R. Civ. P. Rule 12(b)(1). This Motion is made on the alternative ground that Count One of the Complaint – the only count alleged against Warner – fails to state a claim upon which relief can be granted against Warner, and the Complaint should therefore be dismissed under Fed. R. Civ. P. Rule 12(b)(6).

This Motion is based on this Notice of Motion and Motion, and the Memorandum of Points and Authorities in support thereof; any reply Warner might make; and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion.

This Motion is made following Warner's initiation of a conference of counsel pursuant to L.R. 7-3 on April 28, 2021. (*See* Declaration of Anjani Mandavia and Exhibit thereto.)

Respectfully submitted,

DATED:  May 6, 2021          MANDAVIA EPHRAIM & BURG LLP


By: _____*Anjani Mandavia*_____
        Anjani Mandavia
Attorneys for Defendant WARNER BROS.
ENTERTAINMENT INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES.......................................7

I.      INTRODUCTION ........................................................................................7

II.     BACKGROUND...........................................................................................8

        A.  Factual Allegations of the Complaint.................................................8

        B.  Plaintiff's Claims for Relief .............................................................10

        C.  Prayer for Relief ...............................................................................11

III.    DISMISSAL OF THE COMPLAINT IS PROPER UNDER
        RULE 12(b)(1) FOR LACK OF SUBJECT MATTER
        JURISDICTION...........................................................................................11

        A.  The Facts Alleged In The Complaint Do Not Support
            Federal Question Jurisdiction...........................................................12

        B.  Plaintiff Has Not Alleged All Elements Required To
            Establish Diversity Jurisdiction........................................................14

IV.     ALTERNATIVELY, DISMISSAL IS PROPER UNDER
        RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM
        AS TO WARNER ........................................................................................16

        A.  The Complaint Fails To State A Claim Supporting Injunctive
            Relief  Against Warner.......................................................................17

        B.  The Complaint Fails To State A Claim For Relief Supporting An
            Accounting From Warner....................................................................19

        C.  The Complaint Must Be Dismissed As To Warner ............................19

        D.  The Complaint Must Be Dismissed As To Warner ...........................20

V.      CONCLUSION ............................................................................................20

DECLARATION OF ANJANI MANDAVIA.......................................................22

WARNER BROS. ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

*Amerault v. Intelcom Support Servs., Inc.*,
  16 F. App'x 724 (9th Cir. 2001) ..................................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................16

*Ashton–Tate Corp. v. Ross*,
  916 F.2d 516 (9th Cir. 1990)........................................................19

*Ass'n of Am. Med. Coll. v. United States*,
  217 F.3d 770 (9th Cir. 2000)........................................................12

*Austin Jones Corp. v. Travelers Inc.*,
  2013 WL 12142957 (C.D. Cal. Mar. 27, 2013) ............................16

*Bautista v. Pan Am. World Airlines, Inc.*,
  828 F.2d 546 (1987) ....................................................................15

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................16

*Blue Novis, Inc. v. U.S. All. Grp., Inc.*,
  2021 WL 346422 (C.D. Cal. Jan. 27, 2021) .................................16

*BMG Rights Management v. Atlantic Recording Corp.*,
  2017 WL 5125543 (S.D.N.Y. Nov. 2, 2017) ................................19

*Davis v. Blige*,
  505 F.3d 90 (2d Cir. 2007)...........................................................19

*Dead Kennedys v. Biafra*,
  37 F.Supp.2d 1151 (N.D. Cal. 1999) ...........................................13

*Don Johnson Prods., Inc. v. Rysher Ent., Inc.*,
  2009 WL 1615982 (C.D. Cal. June 8, 2009) ................................13

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016)....................................................9, 16

*Fed'n of African Am. Contractors v. City of Oakland*,
  96 F.3d 1204 (9th Cir. 1996)........................................................12

*Fidelity & Cas. Co. v. Reserve Ins. Co.*,
  596 F.2d 914 (9th Cir. 1979)........................................................14

*Greene v. Ablon*,
  794 F.3d 133 (1st Cir. 2015) ........................................................19

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1989).......................................................17

*Hepburn v. Concord Music Grp., LLC,*
2015 WL 2084576 (C.D. Cal. May 4, 2015) .......................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) .......................................................................................12

*Locano Investments, LLC v. Balash,*
765 F.3d 1068 (9th Cir. 2014).......................................................................16

*Martone v. Burgess,*
2008 WL 3916022 (N.D. Cal. 2008)...........................................................20

*Mehta v. Wells Fargo Bank, N.A.,*
737 F.Supp.2d 1185 (S.D. Cal. 2010) .....................................................19-20

*Moss v. United States Secret Service,*
572 F.3d 962 (9th Cir. 2009).........................................................................16

*Oddo v. Ries,*
743 F.2d 630 (9th Cir. 1984).........................................................................13

*Rilling v. Burlington N.R.R. Co.,*
909 F.2d 399 (9th Cir.1990).........................................................................15

*Safe Air for Everyone v. Meyer,*
373 F.3d 1035 (9th Cir. 2004).......................................................................12

*Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.,*
336 F.3d 982 (9th Cir. 2003)....................................................................12-13

*Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.,*
655 F.2d 938 (9th Cir.1981).........................................................................17

*Sopcak v. N. Mountain Helicopter Serv.,*
52 F.3d 817 (9th Cir.1995)...........................................................................12

*Sybersound Records, Inc. v. UAV Corp.,*
517 F.3d 1137 (9th Cir. 2008) ......................................................................18

*T.B. Harms Co. v. Eliscu,*
339 F.2d 823 (2d Cir. 1964)....................................................................13, 14

*Thompson v. McCombe,*
99 F.3d 352 (9th Cir.1996)...........................................................................15

*Topolos v. Caldeway,*
698 F.2d 991 (9th Cir. 1983)....................................................................12, 14

*Veoh Networks, Inc. v. UMG Recordings, Inc.,*
522 F.Supp.2d 1265 (S.D. Cal. 2007) ...............................................17-18, 20

*Wolfe v. Strankman,*
392 F.3d 358 (9th Cir. 2004) ....................................................................8-9, 12

## CODES

Copyright Act 17 U.S.C.
  §§ 502-505...................................................................................13

Federal Declaratory Judgment Act 28 U.S.C.
  § 2201.........................................................................................17
  § 1338(a)...............................................................................12, 14
  § 1332(a)(1)..........................................................................14, 15

## RULES

Federal Rules of Civil Procedure
  Section 12(b)(1)...................................................................*passim*
  Section 12(b)(6)...................................................................*passim*

## TREATISE

1 Nimmer & Nimmer, *Nimmer on Copyright*, § 6.12  ...........................................19

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Warner Bros. Entertainment Inc. ("Warner") respectfully submits this memorandum of points and authorities in support of its motion to dismiss the Complaint of plaintiff Scott Duthie ("Plaintiff") for lack of subject matter jurisdiction (Fed. R. Civ. Proc. 12(b)(1)) or, in the alternative, for failure to state a claim upon which relief can be granted against Warner (Fed. R. Civ. Proc. 12(b)(6)) ("Motion").

## I.    INTRODUCTION

This action concerns Plaintiff's alleged ownership interests in the intellectual property rights to the canine character "Rin Tin Tin."  Plaintiff alleges that through a series of transactions stretching back almost 100 years, he ascended to ownership of a fifty percent interest in all worldwide intellectual property rights in the character, and that the named Defendants – *not* including Warner – appear to have obtained the remaining fifty percent interest in those rights through their own separate series of assignments and lawsuits spanning many years.  Plaintiff believes that Warner is now collaborating with the other Defendants to develop and produce a motion picture based on Rin Tin Tin, and is concerned that he is not included in this project. Plaintiff accordingly has instituted this action to vindicate his claimed ownership rights in the Rin Tin Tin intellectual property, and to participate in the profits from Defendants' exploitation of that property.

But whatever substantive merits Plaintiff's claims might have, he has not demonstrated that they should be adjudicated *by this Court*:  The allegations of the Complaint do not establish federal subject matter jurisdiction over any of Plaintiff's stated claims either on the basis of a federal question (*see* Section III.A, *infra*) or on the basis of diversity (*see* Section III.B, *infra*).  As such, the Complaint is subject to dismissal in its entirety under Fed. R. Civ. Proc. 12(b)(1), and the Motion should be granted on this basis.

Alternatively, even if Plaintiff could somehow clear the threshold jurisdictional hurdle, the Complaint still remains subject to dismissal under Fed. R. Civ. Proc. 12(b)(6) as against Warner, for failure to state a claim upon which relief can be granted:  Warner is named in only Count One of the Complaint, which seeks a declaration of the parties' respective rights in the Rin Tin Tin intellectual property, and an accounting of all monies derived from the exploitation of that property.  But because Warner is not alleged to be a co-owner of the Rin Tin Tin intellectual property, Plaintiff cannot establish the existence of an actual "case or controversy" *with Warner* regarding their respective "adverse legal interests" in the property, and therefore he cannot properly maintain a claim *against Warner* for declaratory relief (*see* Section IV.A, *infra*).

Similarly, because Warner is not alleged to be a co-owner of the Rin Tin Tin intellectual property, and is not alleged to have infringed any of Plaintiff's copyrights in the property, Plaintiff is not entitled to an accounting *from Warner* of any monies it might have derived from exploiting that property (*see* Section IV.B, *infra*). Finally, because the Complaint fails to set forth a viable substantive claim against Warner, Plaintiff is not entitled to the injunctive relief *remedy* it seeks against Warner as articulated in his Prayer for Relief (*see* Section IV.C, *infra*).

Accordingly, the Complaint is subject to dismissal under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim against Warner, and the Motion should be granted on this basis.

## II.    BACKGROUND

### A.    Factual Allegations of the Complaint

Plaintiff is a motion picture and television producer alleged to be residing in the State of Montana.  (Complaint ¶¶ 2 & 5.) [1] Defendants Jeff Miller ("Miller") and

---

[1] Plaintiff's factual allegations must be accepted as true in determining a motion to dismiss under either Rule 12(b)(1) (*Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.

WARNER BROS. ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

Alexander "Sasha" Jenson ("Jenson") are California residents who are alleged to be corporate officers of defendant Rin, Inc. ("Rin"), which is located in California. (Complaint ¶¶ 7-9.)  Defendant Warner is a Delaware corporation with offices in California.  (Complaint ¶10.)

Plaintiff alleges that in 2011 he was assigned 50% of all worldwide intellectual property rights, including copyrights, in the canine character "Rin Tin Tin" (the "RTT IP") by Max Kleven ("Kleven"), and that he since has been "interested in leveraging those property rights to produce movies and shows."  (Complaint ¶¶ 2 & 32, Exh. A.)  Plaintiff further alleges that between 2015 and 2018 there were numerous disputes between Kleven, on the one hand, and Miller, Jenson and Rin, on the other hand, regarding their respective ownership interests in the RTT IP arising from a 2013 written agreement, and a 2015 lawsuit, between them.  (Complaint ¶¶ 33-41.)  Plaintiff alleges that, assuming the validity of any assignment of the RTT IP by Kleven to Jenson, Miller and Rin, the latter at most own 50% of the RTT IP (Complaint ¶¶ 42 & 43), with Plaintiff owning the other 50%.

Plaintiff  alleges that in 2019 he learned through a press account that Defendants "were developing and producing a new movie starring Rin Tin Tin," which caused him concern.  (Complaint ¶¶ 3 & 44.)  Consequently, Plaintiff reached out to Defendants to inquire about the reported Rin Tin Tin project, but Defendants have refused to acknowledge Plaintiff's 50% interest in the RTT IP and, Plaintiff alleges, have profited from the RTT IP without providing any accounting to him. (Complaint ¶¶ 4, 45 & 48.)  Plaintiff alleges that he advised Warner of his ownership interest in the RTT IP, but that Warner has taken the position that Plaintiff's dispute is with Rin, not with Warner.  (Complaint ¶¶ 46-47.)

Plaintiff alleges that defendants Jenson and Miller have excluded him from critical business negotiations and opportunities regarding the RTT IP, and have

2004)) or Rule 12(b)(1) (*Ebner v. Fresh, Inc.* 838 F.3d 958, 962 (9th Cir. 2016)).

concealed from third parties Plaintiff's ownership interest in the RTT IP in order to gain a competitive advantage.  (Complaint ¶ 53.)  Plaintiff further alleges that his claimed 50% ownership interest in the RTT IP is a material fact that Jenson and Miller have a duty to disclose to the third parties with whom they are negotiating. (Complaint ¶¶ 54-58.)

Finally, Plaintiff alleges that he previously had a beneficial economic relationship with Kleven arising out of the RTT IP, and was developing a movie that would have used those rights (Complaint ¶¶ 62-63); that Jenson and Miller were aware of Plaintiff's relationship with Kleven, his movie development efforts, and his "evolving economic relationships with third parties" (Complaint ¶64); and that Jenson and Miller nonetheless coerced Kleven into signing over to them his remaining RTT IP rights, thereby disrupting Plaintiff's relationship with Kleven and the other third parties, resulting in "substantial monetary harm" to Plaintiff. (Complaint ¶¶ 65-66.)

The Complaint contains no allegations that the Defendants have infringed or are threatening to infringe Plaintiff's copyright interests in any manner.

### B.     Plaintiff's Claims for Relief

The Complaint purports to set forth three causes of action:

Count One (against all defendants) for "Declaratory and Injunctive Relief" based on the Copyright Act.  (Complaint ¶¶49-51.)  With respect to Count One, Plaintiff asserts that he is entitled to receive from all Defendants – including Warner – "an accounting of all monies derived from [the] exploitation of [the Rin Tin Tin] character," and a judgment "declaring the Parties' respective ownership interests and intellectual property rights [in the character]… and an order requiring Defendants to provide an accounting as required by the Copyright Act."  (Complaint ¶¶ 50 & 51.)

Count Two (against Jenson and Miller) for "Fraudulent Concealment." (Complaint ¶¶ 52-60.)  Pursuant to Count Two, Plaintiff seeks compensatory and

punitive damages from Jenson and Miller "in an amount to be proven at trial."
(Complaint ¶¶ 59-60.)

  Count Three (also against Jensen and Miller) for "Tortious Interference with
Existing and Prospective Economic Advantages."  (Complaint ¶¶ 61-67.)  Pursuant
to Count Three, Plaintiff also seeks compensatory and punitive damages from Jenson
and Miller in an amount to be proven at trial.  (Complaint ¶¶ 66-67.)

  **C.** **Prayer for Relief**

  In his Prayer for Relief, Plaintiff seeks an unstated amount of compensatory
and punitive damages, interest, costs, and fees, and also seeks the following
declarations and orders from the Court:

> ¶1.  A declaration that Plaintiff owns fifty (50) percent of the Rin Tin Tin
> character and is entitled to a pro rata share of any monies received by
> Defendants as a result of Defendants' exploitation of the Rin Tin Tin
> character;  ¶2.  An order requiring Defendants to provide an accounting
> to Plaintiff demonstrating any monies they have made in connection with
> the Rin Rin Tin character and, if any monies have been made through the
> exploitation of the character, that Defendants make an appropriate
> payment to Plaintiff in accordance with his fifty (50) percent ownership;
> [and]  ¶3.  An injunction restraining Defendants from making false
> statements about Plaintiff's ownership interest or refusing to honor
> Plaintiff's associated rights in the future.

(Complaint pp. 11-12.)

**III.** **DISMISSAL OF THE COMPLAINT IS PROPER UNDER RULE
12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

  Plaintiff's Complaint is properly dismissed under Federal Rule of Civil
Procedure 12(b)(1), because it fails to establish that this Court has subject matter
jurisdiction over the claims asserted therein.  Federal courts are courts of limited

1   jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen*

2   *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden

3   is on the party asserting jurisdiction – in this case Plaintiff – to establish that this

4   Court can properly exercise jurisdiction over his claims. *Sopcak v. N. Mountain*

5   *Helicopter Serv.,* 52 F.3d 817, 818 (9th Cir. 1995); *Ass'n of Am. Med. Coll. v. United*

6   *States,* 217 F.3d 770, 778–79 (9th Cir. 2000).

7          "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction,

8   [courts] take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*,

9   392 F.3d at 362. Because Warner is challenging jurisdiction based on the argument

10  that the allegations of the Complaint are facially insufficient to invoke federal

11  jurisdiction, "all allegations of material fact are taken as true and construed in the

12  light most favorable to the nonmoving party." *Fed'n of African Am. Contractors v.*

13  *City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Where the Court finds that

14  Plaintiff  has failed to allege the necessary elements for subject matter jurisdiction,

15  the motion to dismiss should be granted. *Safe Air for Everyone v. Meyer*, 373 F.3d

16  1035, 1039 (9th Cir. 2004).

17          **A.      <u>The Facts Alleged In The Complaint Do Not Support Federal</u>**

18                   **<u>Question Jurisdiction</u>**

19          The Complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. §

20  1338(a) (concerning, *inter alia*, patents, copyrights and trademarks) on the basis that

21  Plaintiff's requested relief purportedly arises under the Copyright Act. (Complaint ¶

22  13.) "However, a case does not arise under the federal  copyright laws... merely

23  because the subject matter of the action involves or affects a copyright." *Topolos v.*

24  *Caldeway,* 698 F.2d 991, 993 (9th Cir. 1983). Rather, a case "arises under" the

25  Copyright Act only if:  "(1) the complaint asks for a remedy expressly granted by

26  the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act;

27  or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox*

28

1   *Entm't Group, Inc.,* 336 F.3d 982, 986 (9th Cir. 2003).  None of these conditions

2   exist or is alleged to exist here:

3       First, Plaintiff has not alleged copyright infringement, and the Copyright Act

4   does not "expressly grant" the right to declaratory relief establishing ownership or to

5   an accounting of the type requested in the Complaint.  *See* 17 U.S.C. §§ 502-505

6   (listing civil remedies for infringement).[2]  *T.B. Harms Co. v. Eliscu*, 339 F.2d 823,

7   827 (2nd Cir. 1964) ("The relevant statutes create no explicit right of action to

8   enforce or rescind assignments of copyrights, nor does any copyright statute specify

9   a cause of action to fix the locus of ownership" ); *Oddo v. Ries*, 743 F.2d 630, 633

10  (9th Cir. 1984) ("[T]he duty to account does not derive from the copyright law's

11  proscription of infringement.  Rather, it comes from equitable doctrines relating to

12  unjust enrichment and general principles of law governing the rights of co-owners").

13  Thus, "a suit to bring the co-owner of a copyright to account does not fall within the

14  district court's jurisdiction over actions arising under the copyright law." *Don*

15  *Johnson Prods., Inc. v. Rysher Ent., Inc.*, 2009 WL 1615982, at *3 (C.D. Cal. June 8,

16  2009) (citing *Oddo v. Reiss*, 743 F.2d at 633 n. 5).  *See also Dead Kennedys v.*

17  *Biafra*, 37 F.Supp.2d 1151, 1152 (N.D. Cal. 1999) ("An action for an accounting or

18  determination of ownership as between alleged co-owners is founded in state law and

19  does not arise under the copyright laws").

20      Second, nothing in the Complaint indicates that an interpretation of the

21  Copyright Act is necessary in order to determine the interests of the parties in the

22  RTT IP; rather, the Complaint describes various contracts, assignments, judgments,

23  and other chain-of-title matters over the years, all of which must be interpreted and

24  resolved under state law principles to ascertain ownership rights.  (*See* Complaint ¶¶

25  _____

26  [2] Nor does the Copyright Act provide for damages for "fraudulent concealment" or
    "intentional interference with existing and prospective advantage" related to
27  copyright interests.  Both of these claims are facially and indisputably state law
    claims.

28

22-41.)  Where a claim "is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright  or the Copyright Act." *Topolos,* 698 F.2d at 993.  *See also Hepburn v. Concord Music Grp., LLC*, 2015 WL 2084576, at \*4 (C.D. Cal. May 4, 2015) (("[T]he complaint does not indicate that it will require interpretation of the Copyright Act; rather, the relief [plaintiff] requests involves ascertaining and untangling a complicated chain of title and determining how and why [defendants] respectively received ownership, control, or management rights ….") (internal quotes omitted)).

Finally, Plaintiff can point to no "distinctive policy of the [Copyright] Act [that] requires that federal principles control the disposition of the claim." *See T.B. Harms,* 339 F.2d at 828 ("The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.") *Id.  See also Hepburn*, 2015 WL 2084576, at \*3–4 (C.D. Cal. May 4, 2015) ("There must be an independent jurisdictional basis to bring an action under the Declaratory Judgment Act, which 'does not itself confer federal subject matter jurisdiction.' *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979).")

In light of the above authorities, it is clear that Plaintiff has not established subject matter jurisdiction based on a federal question under 28 U.S.C. §1338(a).

**B.**     **Plaintiff Has Not Alleged All Elements Required To Establish Diversity Jurisdiction**

The Complaint does not allege jurisdiction under 28 U.S.C. § 1332(a)(1), which confers original jurisdiction in the district courts over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.*  Plaintiff has alleged that he is a citizen of Montana (Complaint ¶ 5), and that the named defendants are all citizens of states other than Montana (Complaint ¶¶ 7-10).  However, the Complaint – while alluding

---

to Plaintiff's "damages" and "substantial monetary harm" (Complaint ¶¶ 59 & 66), nowhere alleges that the amount in controversy exceeds the threshold sum of $75,000 exclusive of interest and costs.  In the absence of such allegations, the Court cannot exercise diversity jurisdiction.

As noted above, the party who invokes the power of a federal court bears the burden of establishing the court's subject matter jurisdiction.  *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir.1996) (per curiam).  Consequently, "[t]he essential elements of diversity jurisdiction… must be <u>affirmatively alleged</u> in the pleadings."  *Bautista v. Pan Am. World Airlines, Inc.,* 828 F.2d 546, 552 (1987) (emphasis added; internal quotation marks and citation omitted).

Where the pleading fails to allege any specific amount in controversy, a district court *cannot* exercise diversity jurisdiction absent a declaration that the amount in controversy satisfies the requirement of the diversity statute.  *Amerault v. Intelcom Support Servs., Inc.*, 16 F. App'x 724, 725 (9th Cir. 2001); *Rilling v. Burlington N.R.R. Co.,* 909 F.2d 399, 400 (9th Cir. 1990) ("Since [Rilling] made no allegations in the complaint respecting the citizenship of [Burlington] <u>or the dollar value of the amount in controversy,</u> the district court could not properly exercise diversity jurisdiction over [his] claim." (emphasis added).)

Here, Count One does not seek the recovery of any monetary damages, and the Complaint contains no allegations regarding the value of Plaintiff's damages claims asserted in Counts Two and Three.  Accordingly, on the present state of the pleadings, Plaintiff has not met his burden of establishing that this Court has jurisdiction to hear or determine any of his claims based on diversity pursuant to 28 U.S.C. § 1332(a)(1), and the Complaint must be dismissed for lack of subject matter jurisdiction.

## IV.   ALTERNATIVELY, DISMISSAL IS PROPER UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM AS TO WARNER

Even assuming subject matter jurisdiction, the Complaint still must be dismissed as against Warner pursuant to Fed. R. Civ. Proc. 12(b)(6) because the only cause of action asserted against it – Count One for Declaratory and Injunctive Relief – fails to state a claim upon which relief can be granted against Warner.

Under Rule 12(b)(6), a defendant may bring a motion to dismiss a complaint for failure to state a claim if the complaint, as pled, does not contain sufficient factual allegations to support the elements of plaintiff's cause of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("*Iqbal*"). Although the Court must consider the allegations of the complaint to be true when ruling on a motion to dismiss, *Ebner v. Fresh, Inc*., 838 F.3d at 962, it need not accept as true legal conclusions, legal conclusions couched as factual allegations, or inferences unsupported by the facts set out in the Complaint. *Locano Investments, LLC v. Balash*, 765 F.3d 1068, 1071-72 (9th Cir. 2014) (legal conclusions disregarded even if cast as factual allegations). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Austin Jones Corp. v. Travelers Inc.*, 2013 WL 12142957, at *2 (C.D. Cal. Mar. 27, 2013) (citing *Iqbal* and *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Blue Novis, Inc. v. U.S. All. Grp., Inc.*, 2021 WL 346422, at *2 (C.D. Cal. Jan. 27, 2021).

With respect to Warner, the Complaint alleges only the following: Plaintiff learned from a November 11, 2019 article in an entertainment trade paper that Warner had "set up" and "intended to create" a movie based on the Rin Tin Tin character. (Complaint ¶¶ 44 & 46.) Plaintiff contacted Warner regarding his claimed ownership interests in the character, and Warner responded by stating that Plaintiff's

1   ownership dispute was with defendant Rin, not with Warner.  (Complaint ¶¶ 46 &

2   47.)  Defendants (presumably including Warner) have failed to recognize Plaintiff's

3   ownership interest in the RTT IP, and have profited from those rights without

4   providing an accounting to Plaintiff.  (Complaint ¶¶ 45 & 48.)

5        Count One purports to seek two separate types of relief against Warner: (1) a

6   declaration of "the Parties' respective ownership interests and intellectual property

7   rights" in the Rin Tin Tin character; and (2) an order requiring Warner to provide an

8   accounting of all monies derived from any exploitation of the character "as required

9   by the Copyright Act." (Complaint ¶¶ 50 & 51.)  Plaintiff also seeks an injunction

10   restraining Warner "from making false statements about Plaintiff's ownership

11   interest or refusing to honor Plaintiff's associated rights in the future."  (Prayer for

12   Relief ¶ 3.)  The allegations of the Complaint do not support any of the relief

13   requested against Warner.

14        A.     **The Complaint Fails To State A Claim For Declaratory Relief**

15               **Against Warner**

16        The allegations of the Complaint fail to state a cause of action for declaratory

17   relief against Warner.  A party seeking declaratory relief must satisfy the "case or

18   controversy" requirement of the Federal Declaratory Judgment Act (28 U.S.C. §

19   2201).  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th

20   Cir. 1989).  To meet that requirement, the Plaintiff is required to show that, under all

21   the circumstances of the case, there is a substantial controversy between parties

22   having adverse legal interests, and the controversy is of sufficient immediacy and

23   reality to warrant declaratory relief.  *Id.* (citing *Societe de Conditionnement en

24   Aluminium v. Hunter Eng'g Co., Inc.,* 655 F.2d 938, 942 (9th Cir. 1981).)  *See also

25   Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269 (S.D.

26   Cal. 2007):

27

28

1    The complaint in a declaratory relief action must allege facts sufficient

2    to establish an actual controversy.  The disagreement must not be

3    nebulous or contingent, but must have taken on a fixed and final shape

4    so that a court can see what legal issues it is deciding and what effects its

5    decision will have on the adversaries.  The controversy must be real,

6    substantial, and capable of specific relief through a decree of conclusive

7    character.

8  *Id.* (citations omitted).

9        The Complaint here fails to meet the threshold requirement of establishing a

10  case or controversy:  There are no factual allegations, even on information and belief,

11  as to Warner's purported *legal interest* in the RTT IP, and specifically in any of the

12  copyright interests that supposedly undergird Plaintiff's claims.  There is no

13  allegation that Warner is infringing on or has infringed any of Plaintiff's purported

14  copyright interests – nor *can* there be if Warner is supposedly exploiting the RTT IP

15  with the participation and permission of the other defendants, the admitted co-owners

16  of those copyrights.  *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137,

17  1146 (9th Cir. 2008) (a co-owner of a copyright is entitled to grant non-exclusive

18  licenses with respect to the copyright).

19       Plaintiff has not even *alleged*, much less attempted to support with *facts*, that

20  *Plaintiff and Warner* have any "adverse legal interests" vis-à-vis the RTT IP, nor that

21  there is a "substantial controversy" between them "of sufficient immediacy and

22  reality to warrant declaratory relief."  Rather, as Warner noted, Plaintiff's

23  "controversy" with respect to the RTT IP appears to be with his alleged copyright co-

24  owners, *i.e.*, the other defendants in this action, not with Warner.  Accordingly, the

25  Complaint fails to state a claim for declaratory relief with respect to Warner.

26

27

28

**B.**     **The Complaint Fails To State A Claim For Relief Supporting An Accounting From Warner**

Similarly, the Complaint fails to set forth any claim pursuant to which Warner would be obligated to account to Plaintiff in connection with the RTT IP:

Because Warner is not alleged to be a co-owner with Plaintiff of the Rin Tin Tin copyrights, and is not alleged to have infringed them, it has no duty to account to Plaintiff under either the Copyright Act or state law principles. *See BMG Rights Management v. Atlantic Recording Corp.*, 2017 WL 5125543, *2 (S.D.N.Y. Nov. 2, 2017) ("Unlike a copyright co-owner, a copyright *licensee* owes no duty to pay any royalties or other consideration to the co-owners of a copyright, apart from any fees owed by agreement.  Instead, the duty to account for profits runs only between co-owners of a copyright.") (emphasis in original; citing *Davis v. Blige,* 505 F.3d 90, 100 (2d Cir. 2007)).  *See also Greene v. Ablon,* 794 F.3d 133, 155 (1st Cir. 2015) ("[A]n accounting can only be sought from a co-owner, not the co-owner's licensee...."); 1 Nimmer & Nimmer, *Nimmer on Copyright*, § 6.12 ("A right of accounting may be enforced only as against the joint owner-licensor, and not as against his licensee.") (citing, *inter alia, Ashton–Tate Corp. v. Ross,* 916 F.2d 516, 523 (9th Cir. 1990)).

Accordingly, the Complaint also fails to state any viable claim supporting an accounting from Warner.

**C.**     **The Complaint Fails To State A Claim Supporting Injunctive Relief Against Warner**

Finally, although Count One is styled as requesting "Declaratory and Injunctive Relief," and the Prayer for Relief in the Complaint asks for "an injunction restraining [Warner] from making false statements about Plaintiff's ownership interest or refusing to honor Plaintiff's associated rights in the future" (Prayer for Relief ¶ 3), injunctive relief is a *remedy*, not a separate cause of action.  *Mehta v.*

19

*Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (S.D. Cal. 2010). Therefore, it "must be tethered to some independent legal duty owed by the defendant to the plaintiff." *Martone v. Burgess,* 2008 WL 3916022, at *4 (N.D. Cal. 2008). The Complaint fails to allege any viable independent legal duty owed by Warner to Plaintiff, and Plaintiff therefore cannot obtain injunctive relief against Warner as requested, or at all.

### D.   The Complaint Must Be Dismissed As To Warner

In short, as amply demonstrated above, Warner simply is not a proper party to this action: Whatever ownership disputes exist regarding the RTT IP can and should be worked out between Plaintiff and the other named defendants, without Warner's participation. Indeed, there appears to be no reason to include Warner in this action, except perhaps as a means for Plaintiff to act as a spoiler and thereby gain some business or negotiating leverage against the other named Defendants. That is not a legitimate basis for pursuing a declaratory relief claim. *See Veoh Networks*, 522 F.Supp.2d at 1271 ("declaratory relief actions are inappropriate when filed merely to improve a bargaining position in ongoing negotiations.").

The Motion should be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) for Plaintiff's failure to state a claim for relief against Warner.

### V.   CONCLUSION

For the foregoing reasons, Warner respectfully requests that the Court grant its Motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction.

/ / /

/ / /

/ / /

/ / /

/ / /

1    In the alternative, if subject matter jurisdiction is found to exist, Warner
2    respectfully requests that the Court grant its Motion to dismiss Plaintiff's Complaint
3    pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim against Warner on
4    which relief can be granted.

5                                            Respectfully submitted,

6
7    DATED:  May 6, 2021                     MANDAVIA EPHRAIM & BURG LLP
8
9                                            By:  _____*Anjani Mandavia*_____
10                                                Anjani Mandavia
11                                           Attorneys for Defendant WARNER BROS.
                                             ENTERTAINMENT INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF ANJANI MANDAVIA</u>

I, Anjani Mandavia, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California, and am admitted to practice before this District Court.  I am a member of the law firm of Mandavia Ephraim & Burg, LLP, which represents defendant Warner Bros. Entertainment Inc. ("Warner") in this matter.  I submit this Declaration is support of Warner' Motion to Dismiss Plaintiff's Complaint, brought pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6).  The facts set forth in this Declaration are based upon my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      On August 28, 2021, I sent a comprehensive letter to John Garner, Peter Chen, and Caitlin Hoffman, attorneys at Garner & Associates LLP ("Garner Firm"), counsel of record for plaintiff Scott Duthie, advising them that Warner intended to file a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief could be granted against Warner, and setting forth at length the legal basis and authorities for the motion.  A true and correct copy of my April 28, 2021 letter to the Garner Firm is attached as Exhibit A.

3.      In my letter, I advised counsel that I was available to further discuss the matter and invited them to contact me if they wished to do so.  As of the date of this Declaration, I have not heard from anyone at the Garner Firm regarding or in response to the contents of my meet and confer letter.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this Declaration this 6th day of May, 2021, at Los Angeles, California.


_/s/ Anjani Mandavia_
ANJANI MANDAVIA

# EXHIBIT A

Mandavia Ephraim ✛ Burg LLP

**Anjani Mandavia** *Partner*
*email:* amandavia@mandaviallp.com
*mobile:* 310.467.5035

1801 Century Park East
Suite 2400
Los Angeles, CA 90067
*office:* 310.556.9694
*fax:* 310.492.9868
*web:* mandaviallp.com

**VIA EMAIL**
john@garner-associates.com
peter@garner-associates.com
caitlin@garner-associates.com

April 28, 2021

John Garner
Peter C. L. Chen
Caitlin Hoffman
Garner & Associates LLP
520 Capitol Mall, Ste. 280
Sacramento, CA 95814

Re:     *Duthie v. Rin, Inc. et al.*; CDCA Case No. 2:20-CV-10182

Dear Counsel:

As you know, we represent defendant Warner Bros. Entertainment Inc. ("Warner") in the above-referenced matter. I am writing pursuant to Local Rule 7-3 to advise you that Warner intends to file a motion to dismiss the Complaint for lack of subject matter jurisdiction (F.R.Civ.P. 12(b)(1)) and for failure to state a claim against Warner (F.R.Civ.P. 12(b)(6)) on the following grounds.

**Motion to Dismiss Under Rule 12(b)(1)**

The Complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) on the basis that Plaintiff's requested relief purportedly arises under the Copyright Act. (Complaint ¶ 13.) "However, a case does not arise under the federal copyright laws ... merely because the subject matter of the action involves or affects a copyright." *Topolos v. Caldeway,* 698 F.2d 991, 993 (9th Cir. 1983). Rather, a case "arises under" the Copyright Act only if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.,* 336 F.3d 982, 986 (9th Cir. 2003). None of those conditions exist here:

**EXHIBIT A**

Garner & Associates LLP
April 28, 2021
Page 2

First, the Copyright Act does not "expressly grant" the right to declaratory relief establishing ownership or to an accounting of the type requested in the Complaint. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827 (2nd Cir. 1964)("The relevant statutes create no explicit right of action to enforce or rescind assignments of copyrights, nor does any copyright statute specify a cause of action to fix the locus of ownership." ); *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984)("[T]he duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners."). *See also Dead Kennedys v. Biafra*, 37 F.Supp.2d 1151, 1152 (N.D. Cal. 1999)("An action for an accounting or determination of ownership as between alleged co-owners is founded in state law and does not arise under the copyright laws.")

Second, nothing in the Complaint indicates that an interpretation of the Copyright Act is necessary in order to determine the interests of the parties in the Rin Tin Tin intellectual property; rather, the Complaint describes various contracts, assignments, judgements, and other chain-of-title matters over the years, all of which must be interpreted and resolved under state law principles. Where a claim "is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act." *Topolos,* 698 F.2d at 993. *See also Hepburn v. Concord Music Grp., LLC,* 2015 WL 2084576, at *4 (C.D. Cal. May 4, 2015)(No subject matter jurisdiction over claim involving copyrights where "the relief [plaintiff] requests involves ascertaining and untangling a complicated chain of title and determining how and why [defendants] respectively received ownership, control, or management rights ….").

Finally, Plaintiff can point to no "distinctive policy of the [Copyright] Act [that] requires that federal principles control the disposition of the claim." *See T.B. Harms,* 339 F.2d at 828 ("The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.") *Id.*

## Motion to Dismiss Under Rule 12(b)(6)

Even assuming subject matter jurisdiction, the Complaint still must be dismissed as against Warner, because the only cause of action asserted against it – Count One for Declaratory and Injunctive Relief – fails to state a claim upon which relief can be granted. Count One purports to seek two separate types of relief against Warner: (1) a declaration of "the Parties' respective ownership interests and intellectual property rights" in the Rin Tin Tin character; and (2) an order requiring Warner to provide an accounting of all monies derived from an exploitation of the character "as required by the Copyright Act." (Complaint ¶¶ 50 & 51.)

1801 Century Park East, Suite 2400, Los Angeles, CA 90067   |   *office:* 310.556.9694   |   *fax:* 310.492.9868   |   *web:* mandaviallp.com

PG.25

Garner & Associates LLP
April 28, 2021
Page 3

**Declaratory Relief**

With respect to the requested declaratory relief, Plaintiff has not alleged an actual "case or controversy" vis-à-vis Warner, and thus he lacks standing to bring this claim. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989)(a party seeking declaratory relief must satisfy the case or controversy requirement of 28 U.S.C. § 2201(a)). To meet the "case or controversy" requirement, Plaintiff must show there is a "substantial" controversy between parties having "adverse legal interests," and the controversy is "of sufficient immediacy and reality to warrant declaratory relief." *Id.* (citing *Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d 938, 942 (9th Cir. 1981)). "The disagreement must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding and what effects its decision will have on the adversaries.  The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character." *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269 (S.D. Cal. 2007) (citations omitted).

The Complaint fails to meet this threshold. There are no factual allegations as to Warner's purported legal interest in the Rin Tin Tin intellectual property, no allegation that Warner is infringing or has infringed on any of Plaintiff's copyright interests or has threatened Plaintiff with an infringement claim, and no allegations as to how *Warner's* legal interests are adverse to Plaintiff's. Plaintiff acknowledges the other defendants to be co-owners of the Rin Tin Tin copyrights, and as such they are entitled to exploit those copyrights, including by granting licenses to third parties such as Warner. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008). Thus, as Warner previously noted, Plaintiff's "controversy" appears to be with his alleged copyright co-owners, not with Warner, and Count One fails state a viable claim for declaratory relief against Warner.

**Accounting**

With respect to the requested accounting, because Warner is not a co-owner of the Rin Tin Tin copyrights, and is not alleged to have infringed them, it has no duty to account to Plaintiff under either the Copyright Act or state law principles. *See BMG Rights Management v. Atlantic Recording Corp.*, 2017 WL 5125543, *2 (S.D.N.Y. Nov. 2, 2017)("Unlike a copyright co-owner, a copyright *licensee* owes no duty to pay any royalties or other consideration to the co-owners of a copyright, apart from any fees owed by agreement. Instead, the duty to account for profits runs only between co-owners of a copyright.") (emphasis in original; citing *Davis v. Blige,* 505 F.3d 90, 100 (2d Cir. 2007)). *See also Greene v. Ablon,* 794 F.3d 133, 155 (1st Cir. 2015)("[A]n accounting can only be sought from a co-owner, not the co-owner's licensee...."); 1 Nimmer & Nimmer, *Nimmer on Copyright*, § 6.12 ("A right of accounting may be enforced only as against the joint owner-licensor, and not as against his licensee."). Accordingly, Count One also fails to state a viable claim for an accounting from Warner.

1801 Century Park East, Suite 2400, Los Angeles, CA 90067   |   *office:* 310.556.9694   |   *fax:* 310.492.9868   |   *web:* mandaviallp.com

PG. 26

Garner & Associates LLP
April 28, 2021
Page 4

**Injunctive Relief**

Finally, although Count One is styled as requesting "Declaratory and Injunctive Relief," and the Prayer for Relief in the Complaint asks for "an injunction restraining [Warner] from making false statements about Plaintiff's ownership interest or refusing to honor Plaintiff's associated rights in the future" (Prayer for Relief ¶3), injunctive relief is a *remedy*, not a separate cause of action, *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (S.D. Cal. 2010), and "must be tethered to some independent legal duty owed by the defendant to the plaintiff." *Martone v. Burgess,* 2008 WL 3916022, at *4 (N.D. Cal. 2008). The Complaint fails to allege any independent legal duty owed by Warner to Plaintiff, and Plaintiff therefore cannot obtain injunctive relief against Warner as requested, or at all.

**<u>Further Meet and Confer</u>**

I am available to discuss this matter further if you would like. Otherwise, I trust you will agree that the Complaint as pled is insufficient to sustain any claim against Warner, and is subject to dismissal for the reasons discussed above. Additionally, although it is not relevant to the motion to dismiss, your client should know that there currently is no executed agreement between Warner and any of the other defendants regarding the Rin Tin Tin property, and there is unlikely to be one while this ownership dispute remains pending. Thus, even if Plaintiff is able to defeat the motion to dismiss, or is somehow able to amend around the pleading deficiencies, his "claims" against Warner will be subject to dismissal soon enough on a summary judgment motion.

Warner simply is not a proper party to this action: Whatever ownership disputes exist regarding the Rin Tin Tin property can be worked out between Plaintiff and the other defendants without Warner's participation. Indeed, there appears to be no reason to include Warner in this action except perhaps as a means for Plaintiff to gain leverage against the other defendants, which is an improper basis for a declaratory relief claim. *See Veoh Networks*, 522 F.Supp.2d at 1271 ("declaratory relief actions are inappropriate when filed merely to improve a bargaining position in ongoing negotiations."). We therefore ask that Plaintiff <u>voluntarily dismiss</u> Warner from this case, and save the parties the time, effort and expense of going through this, and possibly future, motion practice. As you know, Warner's response to the Complaint is due on <u>May 6, 2021</u>, so we ask that you let us know before then if Plaintiff will be filing a dismissal as to Warner. Thank you.

Very truly yours,

*Anjani Mandavia*

Anjani Mandavia

1801 Century Park East, Suite 2400, Los Angeles, CA 90067   |   *office:* 310.556.9694   |   *fax:* 310.492.9868   |   *web:* mandaviallp.com

PG. 27