JOHN R. GARNER, Esq. (SBN 246729)
PETER C.L. CHEN, Esq. (SBN 246720)
CAITLIN J. HOFFMAN, Esq. (SBN 329192)
**GARNER & ASSOCIATES LLP**
520 Capitol Mall, Ste. 280
Sacramento, CA 95814
Telephone: (530) 934-3324
john@garner-associates.com
peter@garner-associates.com
caitlin@garner-associates.com

Attorneys for Plaintiff
Scott Duthie

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DUTHIE, an individual residing in Montana,<br><br>Plaintiff,<br><br>v.<br><br>RIN, INC. a California corporation; JEFF MILLER, an individual in California; ALEXANDER "SASHA" JENSON, an individual in California; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and Does 1-10<br><br>Defendants. | CASE NO.: 2:20-CV-10182<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS RIN, INC., JEFF MILLER AND ALEXANDER "SASHA" JENSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 28, 2021<br>Time: 10:00 a.m.<br>Crtrm: 7B<br>    350 W. First St.<br>    Los Angeles, CA 90012<br>Courtroom of the Honorable André Birotte Jr., United States District Judge |

- 1 -
**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff SCOTT DUTHIE, hereby replies and opposes Defendants Rin, Inc., Jeff Miller and Alexander "Sasha" Jenson's (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint as follows:

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

This Court should deny Defendants' motion to dismiss ("Motion") because plaintiff Scott Duthie ("Plaintiff") has alleged claims upon which relief may be granted. Initially, it appears Defendants misconstrue Plaintiff's claim as based on copyright infringement. A review of the complaint indicates that Plaintiff's claims are based on making a determination of the ownership of the Rin Tin Tin intellectual property rights Defendants' failure to properly account for the exploitation of the Rin Tin Tin character. In addition, any claim that Defendants' intellectual property rights are superior to that of Plaintiff is defective because Defendants made the recordation in bad faith. Defendants knew of Plaintiff's existing intellectual property rights yet concealed such knowledge in their negotiations with third-parties and Max Kleven concerning such rights. Accordingly, the Court should deny Defendants' Motion. If the Court is inclined to grant the Motion, Plaintiff respectfully requests that he be granted leave to amend.

///

///

- 2 -
**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## II. STATEMENT OF FACTS

Plaintiff filed this action against Defendants on November 5, 2020, alleging declaratory and injunctive relief, fraudulent concealment, and tortious interference with economic advantage. In 2011, Plaintiff was assigned 50% of all world-wide intellectual property rights in Rin Tin Tin. In 2019, Plaintiff read an article on deadline.com about a movie built around Rin Tin Tin being made by Warner Bros. Despite the fact Defendants knew that Plaintiff was a 50% owner of the Rin Tin Tin intellectual property rights, they never advised Plaintiff that they were negotiating a movie deal and further failed to include Plaintiff in any of the negotiations. Defendants also engaged in conduct with the intention of depriving Plaintiff's ownership of his intellectual property rights.

## III. ARGUMENT

Under Federal Rule of Procedure ("FRCP") 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). At the 12(b)(6) stage, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Federal pleading standards require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although this standard requires that a claim be 'plausible on its face,' it does not require that a complaint contain 'detailed factual allegations.'" *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045,

- 3 -

1048–49 (9th Cir. 2012). A claim should contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### A. If Inclined to Grant Plaintiff's Motion to Dismiss, the Court Should Grant Plaintiff Leave To Amend

A party may amend its pleading with the court's leave. FRCP Rule 15(2). "The court should freely give leave when justice so requires." *Id.* Leave to amend a complaint should be freely given in the absence of apparent reasons such as undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously-allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. *Foman v. Davis*, 83 S. Ct. 227, 371 (Mass. 1962). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other fact.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)). While grant or denial of leave to amend a complaint is committed to the district court's discretion, it is abuse of that discretion to deny leave to amend unless there is sufficient reason. *Firestone v. Firestone*, 76 F.3d 1205 (C.A.D.C. 1996).

Under the liberal amendment policy of the Federal Rules of Procedure, Plaintiff should be granted leave to amend his Complaint should the Court rule in favor of Defendants on this Motion. Plaintiff has shown no bad faith or dilatory motive in filing this action and has not previously asked this Court to allow amendment of the Complaint.

- 4 -
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Additionally, amendment of the Complaint would not prejudice Defendants.

### B. Plaintiff Did Not Allege Copyright Infringement

Defendants' Motion incorrectly labels this action as a copyright infringement action. However, Plaintiff included three causes of action in his Complaint, none of which are copyright infringement. The Complaint alleges declaratory and injunctive relief stemming from Defendants' failure to account to Plaintiff for all monies derived from the exploitation of the Rin Tin Tin character, fraudulent concealment and tortious interference with existing and prospective economic advantages. Defendants argue that Plaintiff's Complaint is barred because copyright registration is a precondition to filing an action for copyright infringement. Defendants, however, miss the point because any such rule is simply not applicable to this case because Plaintiff does not allege copyright infringement.

In *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, the court stated that registration is a precondition to filing a claim. 2016 WL 9045625, 1. While an application to register was pending at the time of the suit, this was not sufficient to survive a motion to dismiss. *Id.* However, the court granted the motion to dismiss without prejudice, allowing the plaintiff to bring the action again once registration was complete. *Id.* at 2.

Should this Court determine that this is a copyright infringement action Plaintiff requests leave to amend to allow time for registering his rights with the Copyright Office. If the Court chooses to dismiss the case on such grounds, it should dismiss without prejudice.

- 5 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### C. Plaintiff's Claims Are Not Barred by § 205(d)

Section 205(d) does not give priority to a later conflicting transfer unless recorded: (1) in good faith; (2) for valuable consideration; and (3) without notice of the prior unrecorded interest. *In re AEG Acquisition Corp.*, 127 B.R. 34, 43 (C.D. Cal. 1991), *aff'd* 161 B.R. 50 (1993). Furthermore, the Copyright Act does not require recordation of transfers of copyright interests, it merely provides those who do correctly record a transfer with some benefits under the law. 17 U.S.C. § 205(a). In this case, Defendants' recordation is not legally sufficient to confer any benefits on them.

Plaintiff's Complaint contains several allegations going toward Defendants' lack of good faith in obtaining and recording the rights they now claim by virtue of § 205(d) and their prior recordation. (Compl. ¶¶ 35-41.) "[A] later transfer of an interest in a copyright qualifies for priority only if the transferee has been honest in fact in the transaction at issue and has also met each of the other qualifications." *Id.* at 43-44. "Good faith entails "not only honesty in fact, but reasonableness as well." *Quinto v. Legal Times of Washington, Inc.,* 506 F.Supp. 554, 562 (D.D.C.1981); *see also In re AEG Acquisition Corp.*, 127 B.R. at 43-44. "The presence or absence of good faith is [] a question for the jury." *Peer Intern. Corp. v. Latin American Music Corp.*, 161 F. Supp.2d 38, 48 (D. Puerto Rico 2001). Plaintiff's Complaint contains several allegations suggesting that Defendants manipulated an elderly rights holder to obtain their interest in the copyright rights at issue in this case. (Compl. ¶¶ 35-41.) Because Defendants' good faith is a question for the jury, this issue should not be resolved via a motion to dismiss.

Defendants' later recorded assignment also fails to prevail over Plaintiff's prior

- 6 -
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

assignment because Defendants recorded their later obtained assignment with actual knowledge of Plaintiff's rights. Plaintiff alleges that, "[o]n July 11, 2018, Defendant Miller threatened a lawsuit and contempt proceedings based on public statements made by Kleven that Plaintiff owned fifty (50) percent of the intellectual property rights in the character Rin Tin Tin." (Compl. ¶ 33.) Defendants' filings prove their bad faith conduct. Notably, Defendant Rin, Inc. filed its recordation of the relevant rights on July 17, 2018 ***just six days after threatening Kleven with legal proceedings*** for publicly stating that Plaintiff owned fifty (50) percent of the relevant rights. (Emphasis added) (Defs.' Req. Judicial Notice Supp. Mot. Dismiss 11; ECF No. 31.)

Defendants do not argue that they recorded the assignment they procured in good faith or without knowledge of Plaintiff's rights. Defendants' argument is merely that Plaintiff has not recorded his interest in the rights at issue while they have. Again, there is no requirement that a transfer of copyright interests be recorded. The relevant statute begins "[a]ny transfer of copyright ownership or other document pertaining to a copyright may be recorded in the Copyright Office . . . ." 17 U.S.C. § 502(a). Because Plaintiff had no requirement to record his copyright interest, Plaintiff's motion to dismiss should be denied.

"The Copyright Office does not attempt to judge the legal sufficiency or to interpret the content of any document submitted for recordation." United States Copyright Office, Circular 12: Recordation of Transfers and Other Documents (Sept. 2016). "The Copyright Office will record the document, but recordation may be without legal effect unless the remitter has prepared the document in a way that satisfies

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

applicable legal requirements." *Id.* Because the Complaint contains allegations indicating that Defendants' recordation is not effective, Defendants' motion to dismiss should be denied.

### D. Defendants' Repudiation of Plaintiff's Ownership Interest Allows Plaintiff to Seek a Declaration Affirming Plaintiff's Ownership Interest and an Accounting of Monies Made by Defendants Exploiting the Relevant Rights

Plaintiff is entitled to a declaration affirming his interest in the rights at issue and an accounting, which co-owners of copyright interests are required to provide to each other. The Ninth Circuit recognizes that a district court may exercise jurisdiction over a copyright issue if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* (9th Cir. 2003) 336 F.3d 982, 986. In this case, Defendants' openly repudiated Plaintiff's ownership interest on July 11, 2018. (Compl. 6; ECF No. 1.) Because Defendants repudiated Plaintiff's ownership interest, Plaintiff has a good faith reason to believe that Defendants may owe him an accounting and accompanying payments.

"A repudiation of ownership can create a 'case or actual controversy' under 28 U.S.C. § 2201(a) and trigger a party's ability to seek declaratory relief." William F. Patry, 6 Patry on Copyright § 20:43 (Mar. 2021). Defendants' argument that their attempted recordation of a later obtained assignment of the rights at issue prevents Plaintiff from claiming any ownership rights requires an interpretation of the Copyright Act. This Court

would have jurisdiction over this matter if Plaintiff sought only a declaratory judgment affirming his ownership interest in the relevant copyright interests. Plaintiff's Complaint is, however, not so limited. Plaintiff also makes a demand for an accounting and asserts two additional claims. This Court may exercise jurisdiction over the copyright issue at hand to resolve the actual controversy created by Defendants' ongoing repudiation of Plaintiff's rights.

### E. Plaintiff Sufficiently Alleged a Claim for Fraudulent Concealment

Joint owners of copyrights are subject to a duty to account to one another. *Gaylord v. U.S.*, 595 F.3d 1364, 1376 (Fed. Cir. 2010). Plaintiff's Complaint alleges that Defendants knowingly concealed Plaintiff's ownership interest from third parties in order to profit at Plaintiff's expense. In doing so, Defendants attempted to reap 100% of the benefits from the use of the rights knowing that they did not have 100% of the rights and thus, a claim to 100% of the profits. Defendants did indeed owe Plaintiff a duty to account, and fraudulently concealed Plaintiff's interest to circumvent this duty.

### F. Plaintiff Sufficiently Alleged a Claim for Intentional Interference with Prospective Economic Advantage

Defendants' argument rests entirely on Defendants' rights (assuming Defendants possess any such rights) to fully exploit their rights in the Rin Tin Tin character. Again, Defendants appear to miss the point. Plaintiff does not allege that a co-owner is presumptively barred from exploiting intellectual property rights. Rather, Plaintiff alleged that Defendants knew of Plaintiff's right in the subject intellectual property, yet coerced, pressured, and abused Max Kleven in connection with the assignment of his

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff further alleged that Defendants obtained their rights via bad faith conduct, intentionally interfering with Plaintiff's intellectual property rights. Thus, Plaintiff has sufficiently alleged that Plaintiff's actions were wrongful and the Court should deny Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. To the extent this Court is inclined to grant Defendants' Motion, in full or in part, Plaintiff respectfully requests leave to amend his Complaint.

GARNER & ASSOCIATES LLP

By: _____
JOHN R. GARNER
PETER C.L. CHEN
CAITLIN J. HOFFMAN

Attorneys for Plaintiff
SCOTT DUTHIE