KENDALL BRILL & KELLY LLP
Bert H. Deixler (70614)
  bdeixler@kbkfirm.com
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Rin I Plaintiff-in-Intervention and Rin II Plaintiff Shamrock Entertainment, Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SCOTT DUTHIE, an individual residing in Montana,<br><br>Plaintiff and Counter defendant,<br><br>v.<br><br>RIN, INC., a California corporation; JEFF MILLER, an individual in California; ALEXANDER "SASHA" JENSON, an individual in California; and Does 1-10,<br><br>Defendants and Counterplaintiffs. | Case No. 2:20-cv-10182-AB-PLA<br><br>Case No. 2:22-cv-05226-AB-PLA<br><br>**MOTION TO VACATE ARBITRATION AWARD**<br><br>*Filed Concurrently with Declarations of Bert H. Deixler and James Tierney; [Proposed] Order*<br><br>Judge; Hon. André Birotte Jr.<br>Crtrm: 7B<br>Date: October 24, 2025<br>Time: 10:00 .am. |
| SHAMROCK ENTERTAINMENT, LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIN, INC., a California corporation; JEFF MILLER, an individual; ALEXANDER "SASHA" JENSON, an individual; CASEY LA SCALA, an individual; and Does 1-10, | |

604469189

MOTION TO VACATE ARBITRATION AWARD

| | |
|---|---|
| | Defendants. |
| SHAMROCK ENTERTAINMENT, LTD., et al., | |
| | Intervenor, |
| v. | |
| RIN, INC., etc., et al, | |
| | Defendants. |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

MOTION TO VACATE ARBITRATION AWARD

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 24, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable André Birotte Jr., located in the United States Courthouse, 350 W. 1st Street, Courtroom 7B, Los Angeles, California 90012, Rin I Plaintiff-in-Intervention and Rin II Plaintiff Shamrock Entertainment, Ltd. will move the Court to vacate the arbitration award.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities; the accompanying Declaration of Bert H. Deixler, Declaration of James Tierney, all of the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

As set forth in the attached Declaration of Bert H. Deixler, the parties have complied with Local Rule 7-3. That compliance occurred as a result of the parties having been involved in lengthy arbitration proceedings in which all sides repeatedly made clear to the others its positions on relevant legal and factual issues. Counsel agreed that such discussions were adequate and judicial resolution was required. Neither side was prepared to abandon its legal positions.

DATED: September 5, 2025            KENDALL BRILL & KELLY LLP

By:   /s/Bert H. Deixler
Bert H. Deixler
Attorneys for Rin I Plaintiff-in-Intervention and Rin II Plaintiff Shamrock Entertainment, Ltd.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

1

MOTION TO VACATE ARBITRATION AWARD

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | BACKGROUND FACTS | 2 |
| III. | PROCEDURAL HISTORY | 4 |
| | A. The Court Grants Rin Defendants' Motion to Compel Arbitration. | 4 |
| | B. The Court's Summary of Shamrock's complaint. | 4 |
| | C. The Court Determined the Arbitrable Issues. | 4 |
| | D. The Court Refused to Consider the 2020 Agreement an Operative Agreement. | 5 |
| | E. Despite its Judicial Admission that the 2020 Agreement was not operative Rin Defendants told the Arbitrator that the 2020 Agreement Superseded the 2014 Deal Memo , | 6 |
| | F. Shamrock and Tierney Moved to Strike the Affirmative Defense raising the 2020 Agreement | 6 |
| | G. The Arbitrator denies Shamrock and Tierney's Motion to Strike | 7 |
| IV. | Legal Argument | 8 |
| | A. The Arbitrator Exceeded his Jurisdiction by Overruling the Court's Rulings on Arbitrability. | 8 |
| | B. The Arbitrator's Award Finding the 2020 Agreement Superseded 2014 Deal Memo was a Per Se Violation of Section 10 (a) (4) of the Federal Arbitration Act. | 9 |
| | C. The Award must be Vacated for its failure to provide a "Mutual, Final and Definite Award regarding the rights of Duthie | 10 |
| | 1. The Award of Attorneys' Fees and Costs Must be Vacated | 12 |
| V. | CONCLUSION | 14 |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

i

MOTION TO VACATE ARBITRATION AWARD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BG Grp., PLC v. Republic of Argentina*,
   572 U.S. 25 (2014) ................................................................................................ 8

*Carnochan and Mitchel v. Christie and Another*
   24 U.S. 446 (1826) .............................................................................................. 12

*Cofinco, Inc. v. Bakrie & Bros., N.V*
   (1975, SD NY) 395 F. Supp 613 ........................................................................ 12

*Coinbase, Inc. V. Suski, et. al*
   144 S.Ct. 1186 (2024) .......................................................................................... 1

*Comedy Club Inc, et al. v Improv West, et. al*
   553 F.3d 1277 (2009, 9th Circ.) .................................................................... 11, 12

*First Options of Chicago, Inc. v Kaplan*
   514 U.S. 938 (1995) ............................................................................................. 8

*Galt v. Libbey-Owens Ford Glass Co.*
   (1968, C.A. 7) 397 F.2d 439 .............................................................................. 12

*Granite Rock Co. v. Teamsters*,
   561 U.S. 287, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) ..................................... 8

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) ......................................... 8

*Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*,
   341 F.3d 987 (9th Cir. 2003) ............................................................................. 10

*Mountain Air Enterprises v. Sundowner Towers LLC*
   (2017) 3 Cal. 5th 744 .................................................................................... 13, 14

*Olympia & York Fla. Equity Corp. v. Gould*,
   776 F.2d 42 ......................................................................................................... 12

*United Steelworkers of America v. Warrior & Gulf Nav. Co.*,
   363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ......................................... 9

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

## I. SUMMARY OF ARGUMENT

The Court is well familiar with the background of this dispute regarding Intellectual property rights relating to "retired" television star Rin Tin Tin. Exhibit 1 to the Declaration of James Tierney is a copy of the Court's Order of December 1, 2022 consolidating actions and granting the Rin Defendants' motion to consolidate. (The Court will also recall that Rin, Inc., Jeff Miller and Alexander Jenson are the "Rin Defendants.")

On November 4, 2024 the Arbitrator issued an Interim Award. (Exhibit 2 to the Declaration of James Tierney)

On March 26, 2025 the Arbitrator entered a Final Partial Award. (Merits) (Exhibit 3 to the Declaration of James Tierney)

On June 15, 2025 the Arbitrator issued a Final Award on Attorneys' Fees and Costs. (Final Award) (Exhibit 4 to the Declaration of James Tierney)

The arbitration awards must be vacated.

The Arbitrator exceeded his jurisdiction when he determined that the 2014 Agreement, (Tierney Declaration, Exhibit 5) the basis of his jurisdiction, had been superseded by the 2020 agreement. (Tierney Declaration, Exhibit 6) He proceeded to interpret the meaning of the 2020 Agreement, including what he denominated a "force majeure" clause. After interpreting the clause he applied facts that he found as though he were a Judge.

The 2020 Agreement expressly reserved dispute resolution exclusively to a federal or state court in Los Angeles and not arbitration. The Award violates §2 and therefore § 10(a) (4) of the Federal Arbitration Act ("FAA") and contravenes the U.S. Supreme Court holding in *Coinbase, Inc. V. Suski, et. al* 144 S.Ct. 1186 (2024) (stating "a party who has not agreed to arbitrate will normally have a right to the court's decision about the merits of the dispute."). The award must be vacated.

Adding insult to injury, after finding the 2014 Deal memo had been superseded by the 2020 Agreement, the Arbitrator ruled that the Rin defendants were entitled to

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

1

MOTION TO VACATE ARBITRATION AWARD

an award of Attorneys' fees and costs pursuant to the 2014 Agreement. He then reversed course and decided the fee award should be pursuant to the 2020 Agreement over which he had no jurisdiction. (Compare Tierney Declaration Exhibit 3, P.28, L.5-7 with Exhibit 4 P. 3, L. 15-17)

But that's not all. The arbitrator further ran afoul of his responsibilities when he failed to address the rights, if any Scott Duthie, possessed in the Rin Tin Tin intellectual property despite understanding an instruction from this court that he do so. As a result the Arbitration Award must be set aside on the further ground pursuant to the Federal Arbitration Act §10 (a) 4 that requires that the Award be "mutual, final and definite." The award here is very far from that and must be vacated on that ground as well.

## II. BACKGROUND FACTS

In July 2022, Shamrock Entertainment, Ltd. ("Shamrock") sued the Rin Defendants, and others, seeking inter alia, a declaration that the option granted to the Rin Defendants in the 2014 Deal Memo had expired in April 2020. It requested a finding that Shamrock was the exclusive owner of the Rin Tin Tin intellectual property((the "RTT IP"), owned by Shamrock, Kleven and Rin pursuant to the terms of the 2014 agreement. 2:22-cv-05226 Doc. 1 ¶ 31.

In August 2022, the Rin Defendants moved to compel arbitration of a 2014 Deal Memo and a 1994 Security agreement under the Federal Arbitration Act ("FAA"). Section 2. The FAA requires contracts containing arbitration clauses to be "viable, irrevocable and enforceable." 2:22-cv-05226 Doc. No. 32 at 11:14-26. The Rin Defendants alleged in August 2022 that the 2014 Deal Memo was such a binding agreement. . The Court granted the Rin Defendants motion to compel arbitration on only the 2014 and 1994 agreements. The Court also ruled with consent of the parties that a 2020 Agreement was not to be considered. (Exhibit 1, P. 12, L. 17- P. 13, L. 5) The parties acknowledged that the agreement of Warner Brothers was the condition precedent to the effectiveness of the 2020 Agreement. As of then and to date Warner

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

2

MOTION TO VACATE ARBITRATION AWARD

Brothers refused consent. (Tierney Declaration, Exhibit 11)

The Arbitrator's "Partial Final Award (Merits) of March 26, 2025" rejected the Court's determination of the arbitrable contracts and found that the amended 2020 Agreement superseded the 2014 Deal Memo.

The Arbitrator interpreted the 2020 Agreement to determine whether it superseded the 2014 Deal Memo. The 2020 Agreement could not as a matter of law be interpreted by the Arbitrator because that Agreement had no arbitration clause. Even if it were "viable, irrevocable and enforceable" which it was not for the failure of the Warner Brothers assent, construction and interpretation of the 2020 Agreement exceeded the arbitrator's powers.

And the Arbitrator knew it. First, the Arbitrator knew that all parties conceded before this Court that the 2020 Agreement was not "operative." Second, Shamrock and James Tierney ("Tierney") expressly moved the Arbitrator to strike an affirmative defense offered by the Rin Respondents that raised the 2020 Agreement as a defense to Shamrock's claims to ownership of the RTT IP. (Tierney Declaration, Exhibit 8) The Shamrock moved to strike the defense and the Arbitrator denied the motion. (Tierney Declaration, Exhibits 9, 10) He admitted the agreement into evidence. He next decided that notwithstanding the undisputed fact of the failure of a condition precedent, Warner Brothers' approval, and the judicial admission of the Rin Defendants that the agreement was not "operative" that it was in fact "operative." Notwithstanding the 2020 agreement's command that any dispute arising from the agreement be decided by a court, the arbitrator decided that he was empowered to interpret it.

The arbitrator ruled that the 2020 Agreement superseded the two agreements he was tasked by the court to interpret. Rather than recognizing that his work was done because the 2020 Agreement did not provide for arbitration, the Arbitrator kept going. He chose to interpret (erroneously) a "force majeure" provision in the 2020 agreement. He concluded his work in excess of jurisdiction by applying his

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

3

MOTION TO VACATE ARBITRATION AWARD

interpretation of the agreement to facts he found in the face of an agreement mandating that only a court could perform that work. As though he were a bench officer the Arbitrator further ruled that Respondent Rin's obligations were suspended indefinitely because of a lawsuit involving non-parties to the arbitration. By this construction he overrode the parties agreement regarding time for performance and extended indefinitely agreement the date for payment to Shamrock and Tierney.

Just to recite the process followed is to establish that the Arbitrator grossly exceeded his powers knowingly and without reference to the court's referral of the matter and the contract among the parties. The Award must be vacated.

## III. PROCEDURAL HISTORY

### A. The Court Grants Rin Defendants' Motion to Compel Arbitration.

The court ordered the parties to arbitrate the disputes arising out of the 2014 Deal Memo and the 1994 Security Agreement. The Court's Order also consolidated the 2020 and the 2022 Shamrock actions. (Exhibit 1)

### B. The Court's Summary of Shamrock's complaint.

"Shamrock alleges that [by reason of the option expiration] it is the sole and exclusive owner of all RTT IP and that Defendants have clouded its title by asserting ownership over RTT IP. Rin II, Compl. at ¶ 15. Accordingly, Shamrock seeks a declaratory judgment affirming its exclusive, unencumbered rights, an order preventing further interference with its rights, and an order requiring RTT IP rights be transferred to Shamrock if necessary." Id. at 5: 12-16.

### C. The Court Determined the Arbitrable Issues.

"The 2014 Deal Memo, in relevant part, states:

Any and all disputes arising out of the interpretation or enforcement of this Agreement shall be resolved by arbitration under the then-current rules of the American Arbitration Association." Id. at 11: 23-25.

"The Court also finds that Shamrock's claim for declaratory relief is a dispute arising out of the 2014 Deal Memo." Id, at 13: 6-7.

There is no doubt that a claim for declaratory judgment regarding the rights originally set out in the 1994 Security Agreement is a controversy that arises out of and is related to the 1994 Security Agreement. Accordingly, the Court will compel arbitration based on this agreement. Id. at 11:12-16.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

4

MOTION TO VACATE ARBITRATION AWARD

### D. The Court Refused to Consider the 2020 Agreement an Operative Agreement.

"After examining the documents and hearing oral argument, the court refuses to consider the 2020 Agreement." Id. at 12:17-18.

"Rin Defendants argue that the court should not consider the 2020 Agreement because it is not alleged as a basis for Plaintiff sole rights to the RTT IP. Reply at 7. Rin Defendants also argues the 2020 Agreement is not operative because the document was submitted to Warner Bros. and 'conditioned on Warner Bros.' approval,' and no approval was given. Reply at 9-10." Id. at 12: 13-16. (Emphasis added)

"Shamrock admitted that the court should disregard the 2020 Agreement. Thus, the Court will not consider the 2020 Agreement." Id. at 13: 1- 3.

During the oral argument, Mr. Kull, counsel for the Rin Defendants, confirmed the 2020 Agreement should not be considered, stating:

"Mr. Kull: And I am glad to hear from counsel that he's not really suing for rights under the 2020 agreements, so therefore, I don't think it's a matter before the Court." Exhibit 7 at 17: 21-25.

The Court could not have compelled arbitration on the 2020 Agreement because it did not contain an arbitration clause. The 2020 agreement provided:

"10. (q) Choice of Forum. The Parties hereby irrevocably submit to the jurisdiction of the federal and state courts located in Los Angeles County, California; agree that any and all actions arising from or related to this Agreement and the attachments hereto, shall be brought exclusively in one of those Courts; and waive any objection to such jurisdiction on the ground of venue, forum non conveniens and any similar ground Warner Bros.' Disapproval of the 2020 Agreement is Undisputed

A June 8, 2020 email exchange between Andreas Becker of Warner Bros. Legal and Peter Grossman, Rin's attorney, recites Warner Bros.' emphatic disapproval of the proposed 2020 Option and Acquisition Agreement:

"But Just to be clear: any notion that Tierney's "deadline" will or could be met is completely unrealistic and something that WB never agreed to. There are many open issues that have not been resolved here. We had asked to see a draft of the amendment since November. We spoke about the lien more than a month ago and made it clear that we wanted to see Rin's/Shamrock's proposed solution before anything was done, and had heard nothing since then. (Tierney Declaration Exhibit 11)

### E. Despite its Judicial Admission that the 2020 Agreement was not operative Rin Defendants told the Arbitrator that the 2020 Agreement Superseded the 2014 Deal Memo ,

Rin Defendants' Second Affirmative Defense in arbitration stated:

"Respondents allege that the Option and Acquisition Agreement signed by Claimants on or about June 4, 2020 and the Amendment thereto entered into on or about June 2020 (together, the "Amended Option") concerning the Rin Tin Tin intellectual property (the "RTT IP") supersede the purported "option agreement" alleged in the Demand, such that there is neither need for a declaration of rights, nor confusion as to the RTT IP ownership rights, nor breach of fiduciary duty by Respondents." (Tierney Declaration Exhibit 8)

### F. Shamrock and Tierney Moved to Strike the Affirmative Defense raising the 2020 Agreement

Promptly upon learning of the reversal in the Rin Defendants' position, Shamrock and Tierney moved to strike the Affirmative defense asserting the 2020 Agreement, without an arbitration clause, was operative and provided the basis for its defense. This stunning change reflected a direct repudiation of the basis upon which the Rin Defendants petitioned this court to compel arbitration. (Tierney Declaration Exhibit 8)

In the Motion to Strike, Shamrock specifically stated that:

"'Section 10(a)(4) of the Federal Arbitration Act ('FAA") prohibits an arbitrator from deciding any issue not submitted to arbitration. In fact, a Court will vacate an arbitration award where, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."

The motion concluded by asserting:

"The Arbitrator has no jurisdiction to hear and determine the existence and enforceability of the 2020 Agreement." (Exhibit 9 to the Declaration of James Tierney)

If the Rin Defendants had not misled the court about their true defense and acknowledged that they were not defending based upon the 2014 Deal Memo with an arbitration clause, but rather upon the 2020 Agreement which did not, the Court could not have compelled arbitration. The parties would not have suffered an enormous

604469189

6

MOTION TO VACATE ARBITRATION AWARD

waste of time and money in an arbitration in which the award must be vacated resulting from the Rin Defendants sleight of hand.

### G. The Arbitrator denies Shamrock and Tierney's Motion to Strike

In denying the motion to strike the Arbitrator completely missed the point. He viewed the motion as presenting a question of evidence rather than one going to the core of jurisdiction. In his Order he stated:

> However the Court's exclusion of this [2020] document in its determination of arbitrability does not and cannot constrain the arbitrator from independently determining whether the 2020 Agreement is admissible as evidence in the arbitration. (Citation omitted.) ("In determining whether to compel a party to arbitration, a district court may not review the merits of the dispute") instead, a district court's determinations are limited to (1) whether a valid arbitration agreement exists and, if so, (2) whether the agreement covers the relevant issue."(emphasis in original)  Declaration of James Tierney Exhibit 10)

It would be hard to imagine how the Arbitrator could have so completely missed the legal issue. The changed position by the Rin Defendants in direct contravention to what they had represented to this Court as the basis for compelling arbitration raised exactly and immediately the very question the arbitrator admits was for the court and not him, i.e., "whether a valid arbitration agreement exists." Incredibly, the Arbitrator did not recognize that the 2020 Agreement was not a valid arbitration agreement. Indeed, it was quite the opposite.

It appears the Arbitrator forgot that Section 2 of the Federal Arbitration Act requires for an arbitration to proceed a "valid, irrevocable, and enforceable' contract containing an arbitration clause. Indisputably the 2020 Agreement did not. Surely the arbitrator must have noticed that, but he chose to ignore it and proceed. This Court should recognize this quite egregious legal error invited by the Rin Defendants.

Further, the Arbitrator not only failed to recognize the jurisdictional loss based upon the Rin Defendants shift in reliance from the 2014 agreement, but also the Rin Defendants failure to offer any evidence to support its representation to this Court that 2014 Deal Memo was binding and mandated arbitration. That failure alone should have resulted in a Merits award for Shamrock and Tierney.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

7

MOTION TO VACATE ARBITRATION AWARD

Thus the Arbitrator doubled down on missing the outcome determinative nature of the Rin defendants abandonment of the Agreement that they told this court afforded them a right to arbitration,

## IV. Legal Argument

### A. The Arbitrator Exceeded his Jurisdiction by Overruling the Court's Rulings on Arbitrability.

"[C]ourts presume that the parties intend courts, not arbitrators, to decide what we have called disputes about "arbitrability." These include questions such as "whether the parties are bound by a given arbitration clause," or "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002); accord, *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299-300, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) (disputes over "formation of the parties' arbitration agreement" and "its enforceability or applicability to the dispute" at issue are "matters ... the court must resolve" (emphasis added). *BG Grp., PLC v. Republic of Argentina,* 572 U.S. 25, 34 (2014).

Here, the parties disputed whether the 2020 Agreement superseded the 2014 agreement. There was, however, no dispute about whether any aspect of the issue presented could be arbitrated in light of the plain language of the contract mandating judicial dispute resolution.

In *First Options of Chicago, Inc. v Kaplan* 514 U.S. 938 (1995) the Court recognized that absent an agreement permitting an arbitrator to determine arbitrability that a court, not an arbitrator is obliged to decide the question of the scope of an arbitration clause.

> "… [B]ecause a party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of its dispute( say where as here, its obligations under a contract)….Hence, who court or arbitrator has the primary authority to decide whether a party has agreed to arbitrate can make a critical difference to a party resisting arbitration. We believe the answer to the "who" question (i.e., the standard of review question) is fairly simple. Just as the arbitrability of the merits of a dispute depends

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

8

MOTION TO VACATE ARBITRATION AWARD

upon whether the parties agreed to arbitrate that dispute (citations omitted), so the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about that matter. Id at 943. (emphasis in the original.)

This rule is consonant with the fundamental rule that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960);

Similarly, the Rules of the American Arbitration Association ("AAA") govern both contracts submitted by the Court for arbitration. Rule 49 (a) of the Commercial Rules provides, in relevant part:

> "The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." (Emphasis added).

Here, not only was there no right to conduct an arbitration on the merits regarding the 2020 Agreement, the Arbitrator was not even empowered to decide whether he could do so. In short, his determination that the 2020 Agreement was "relevant" to a determination of "who owns what property" was awarding himself jurisdiction to determine that the 2020 Agreement was subject to arbitration when it clearly was not. What would have been proper would have been for the Arbitrator to observe that the Rin defendants repudiated their rights under the 2014 Agreement and by asserting their rights under the 2020 agreement had thereby stripped the Arbitrator of jurisdiction and failed in their proof. And yet he persisted.

### B. The Arbitrator's Award Finding the 2020 Agreement Superseded 2014 Deal Memo was a Per Se Violation of Section 10 (a) (4) of the Federal Arbitration Act.

Section 10 (4) (a) of the FAA provides that courts may vacate an award in cases "where the arbitrators "exceeded their powers" or "so imperfectly executed them .., upon the subject matter submitted." The "subject matter submitted" by the Court was the 2014 Deal Memo. There is no authority that allows an arbitrator to overrule a

Court's determination of the arbitrable issues.

Section 10(a)(4) of the FAA also provides that an award must be vacated:

"Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."— 9 U.S.C. § 10(a)(4)

The Ninth Circuit has repeatedly held that arbitrators exceed their powers when they decide matters outside the scope of the agreement submitted to arbitration.

For example, in *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (en banc) the court held:

"Arbitrators 'exceed their powers' in this sense not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law,' or when the arbitrators issue an award that is beyond the scope of the arbitration agreement." "The power of the arbitrators is rooted in the agreement of the parties. When arbitrators purport to resolve disputes not committed to them by the parties, they exceed their jurisdiction."

— Id. at 1000 (citing *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582 (1960)).

## C. The Award must be Vacated for its failure to provide a "Mutual, Final and Definite Award regarding the rights of Duthie

### 1. Duthie's claims to the Intellectual property

Scott Duthie sued Warner Brothers and the Rin Defendants in November 2020. That action is consolidated with the instant one. In the Duthie action, Duthie claimed that he and Angry Monkey LLC received 50% of everything related to Rin Tin Tin in a 2011 assignment from Kleven. It is undisputed that neither Kleven nor Duthie gave the required notice to Tierney/Shamrock mandated by the 1994 Security agreement.

By 2015 it is also undisputed Duthie assured Tierney that he and Angry Monkey LLC had abandoned all interest in the Rin Tin Tin project. It was therefore quite a surprise to learn of Duthie's claimed rights in November 2020.

In his Interim Award, (Tierney Declaration, Exhibit 2) to the Tierney the Arbitrator recognized that Duthie's claim of rights presented more questions than answers.

"3. Duthie's Rights: Duthie claims a 50% interest in the RTT IP through the Kleven-Duthie Agreement, which is substantially similar if not identical to the Leonard-Kleven Agreement. The validity of Duthie's interest is subject first to a determination of Kleven's rights to the Kleven IP but also depends on Kleven's authority to make such a grant and whether any prior transfers restricted his ability to convey title.

Furthermore, the evidence shows that Duthie's pursuit of these rights has been inconsistent. Duthie was on constructive notice of Tierney's interest by his recorded transactions with the Copyright Office. Duthie and Tierney gave each other actual notice of each other's potential competing interests in the RTT IP in 2011, and Duthie advised Tierney he abandoned his purported interest in the Kleven IP in 2012, raising potential defenses, including laches, waiver and abandonment. Furthermore, the breadth and enforceability of Kleven's catch-all provisions may impact the validity of Duthie's claims to the Kleven IP."

In the Partial Final Award (Merits) the Arbitrator simply refused to answer the questions he raised. Rather, after asserting that Duthie's claims

"remain relevant to the overall ownership analysis" the Arbitrator simply raised the issues he noted previously adding that "Angry Monkey became inactive , potentially affecting the viability of that portion of the assignment." And again the Arbitrator observed that the record reflected Duthie's "inconsistencies" in his assertion of rights and the 2012 Duthie e mail announcing that he had "abandoned" the project raised "potential defenses such as laches, waiver and abandonment."

The job of the Arbitrator was not just to "issue spot", but to resolve the disputes. The Court ordered that:

" the arbitrator will need to consider all agreements impacting title and ownership of all RTT IP in order to determine who owns what property and will evaluate whether Kleven's transfers to Duthie were valid. Indeed, such arbitration could actually benefit Duthie, as the Court has little doubt that should the arbitrator determine that Kleven's transfer to Duthie were valid, and that Duthie holds an interest in RTT IP, that Duthie would seek to enforce that determination."

It is apparent that the Arbitrator's refusal to do as he was instructed by the Court, to determine the core issue of who owned what rights reflects another example of the Arbitrator violating the FAA § 10 (a) that provides that an award must be vacated.

" where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

*Comedy Club Inc, et al. v Improv West, et. al* 553 F.3d 1277 (2009, 9th Circ.)

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

provides guidance in the situation. There an arbitrator failed to apply applicable California law and imposed an injunction that reflected a "manifest disregard of the law." Id at 1293. The Court ordered the District Judge to vacate that portion of the award. Not addressing all the requisite issues to provide finality is such a disregard of law.

The requirement of finality and the need for the arbitrator to decide all issues has been a matter of American law for almost two centuries. In *Carnochan and Mitchel v. Christie and Another* 24 U.S. 446 (1826), the Court through Chief Justice John Marshall ruled in a commercial case involving a Florida real estate transaction. After an examination of the claims made and the award entered the Court found the failure to answer all the questions required vacating the award because it was not "certain and final."

The failure of an Arbitration award to be "final and definite" has often been the basis for vacating an arbitration award. See, E.g. *Olympia & York Fla. Equity Corp. v. Gould* (1985, CA2 NY) 776 F.2d 42 (vacating an arbitration award for the award's failure to specify the results of the exercise of an option found applicable by the arbitrator and was thus "final.") *Galt v. Libbey-Owens Ford Glass Co.* (1968, C.A. 7) 397 F.2d 439, cert den. 393 U.S. 925, 89 S. Ct. 258 (vacating an arbitration award as not final for failure to address a payment clause in a construction contract dispute.); *Cofinco, Inc. v. Bakrie & Bros., N.V* (1975, SD NY) 395 F. Supp 613 (vacating a damages award for failure to address all elements of damages);

In short, the failure in this matter of the Arbitrator to resolve the rights of Duthie as they affect the rights of all other claimants to the RTT IP reflects a failure to render a final, definite award. Accordingly, the Award must be vacated under §10(a) 4 of the FAA.

### 1. The Award of Attorneys' Fees and Costs Must be Vacated

The Arbitrator in his Partial Final Award (Merits) found that " Pursuant to the 2014 Deal memo, Respondents, as the prevailing party, are entitled to recover

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

12

MOTION TO VACATE ARBITRATION AWARD

reasonable attorneys' fees and costs incurred in this arbitration." (Tierney Declaration, Exhibit 3, P.28 l. 5-7) First, for all the reasons set forth above, the fees and costs award must be vacated as well. The arbitrator lost jurisdiction and could not award fees. Second, however, the fee and costs award contradicts the Award on the merits.

The Arbitrator permitted the Rin Defendants to reject their position that led to the dispute being sent to arbitration. Recognizing that they had the losing argument on the 2014 agreement, and after representing to the court that that agreement defined the parties' rights, the Rin Defendants abandoned that claim and substituted the non-arbitrable claim requiring interpretation of the 2020 Agreement. If the Arbitrator had done as his jurisdiction required, he would have entered the award for Shamrock finding that the Rin Defendants failed to rebut the claim that Shamrock and Tierney's rights were established under the 2014 Agreement. As repeatedly noted above, he did not.

Indeed, not only did the Arbitrator not recognize that he had been stripped of jurisdiction, and that the Rin Defendants had not prevailed on their claim of the effect of the 2014 Agreement and thus did not prevail, but he awarded Rin Defendants legal fees under the 2020 Agreement after he had already ruled that they were entitled to receive them only under the 2014 Agreement. (Tierney Declaration, Exhibit 4, P. 3, L. 15-17)

To justify arguing for an attorney's fee award the Rin Defendants relied upon *Mountain Air Enterprises v. Sundowner Towers LLC* (2017) 3 Cal. 5th 744. The principle expressed in that case is inapplicable here. In *Mountain Air*, the Court considered a purchase contract and a subsequent option agreement. The Court there held that because the determination of the rights of the parties required construction of both agreements and the fact that the affirmative defense of the option agreement had to be considered in assessing the rights between the parties, the fact that the attorneys' fee provision appeared in the latter but not the former agreement allowed

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604469189

13

MOTION TO VACATE ARBITRATION AWARD

the prevailing party an award of attorneys' fees.

The situation here is materially different. The entire basis of the submission of the matter to arbitration turned on the assertion that the 1994 Agreement governed the rights in dispute. That was the only contract that required interpretation and the only one about which an arbitrator had jurisdiction to opine. When the Rin Defendants abandoned that agreement and relied instead upon the 2020 Agreement, it failed in its proof of its claimed rights and simultaneously stripped the jurisdiction of the Arbitrator. In *Mountain Air* both contracts were properly before the Court for adjudication. Here, the Arbitrator accepted that the Rin Defendants defense under the 2014 Agreement failed and instead considered and interpreted a contract that was outside his jurisdiction.

It remains in all respects that an Arbitration award that exceeds the jurisdiction of the Arbitrator must be reversed. So too here. Neither the merits nor the attorneys' fee and costs award are proper because the Order exceeded the jurisdiction of the Arbitrator. The Arbitration award must be vacated.

## V.  **CONCLUSION**

For the reasons set forth the Arbitration Award both as to the merits and the attorneys' fees and costs should be vacated in its entirety.

DATED: September 5, 2025        KENDALL BRILL & KELLY LLP

By:    /s/ Bert H. Deixler
       Bert H. Deixler
       Attorneys for Rin I Plaintiff-in-Intervention
       and Rin II Plaintiff Shamrock
       Entertainment, Ltd.